**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Carless JONES, Defendant—Appellant.**

**Nos. 97–1377, 97–1463.**

United States Court of Appeals,
Tenth Circuit.

Nov. 12, 1999.

Jill M. Wichlens (Michael G. Katz, Federal Public Defender, with her on the briefs), Assistant Federal Public Defender, Denver, Colorado, for Defendant–Appellant.

John M. Hutchins (Thomas L. Strickland, U.S. Attorney, Linda A. McMahan, Acting U.S. Attorney, Gregory H. Rhodes, Assistant U.S. Attorney, and Sean Connelly, U.S. Department of Justice, with him on the briefs), Assistant U.S. Attorney, Denver, Colorado, for Plaintiff–Appellee.

Before BALDOCK, EBEL and LUCERO, Circuit Judges.

LUCERO, Circuit Judge.

These consolidated appeals require us to determine whether a sentencing court must adhere to the penalty range set forth in 21 U.S.C. § 841(b)(1)(C) when an indictment charges a defendant with distributing and possessing with the intent to distribute cocaine base in violation of that and other statutory provisions. In resolving this question, we address whether the Supreme Court's recent decision in *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311 (1999), effects a change in our jurisprudence interpreting § 841(b)(1) as setting forth sentencing factors, not elements of the offense. We conclude that *Jones* does not require us to alter our interpretation of § 841(b)(1), and any reference to that paragraph in an indictment is surplusage and not binding on the sentencing court. Appellant Carless Jones also challenges his conviction, alleg-

ing prosecutorial misconduct and improper admission of hearsay testimony. We affirm the judgment of the district court.

## I

In March 1997 police arrested Jones's nephew, Derek Jones ("Derek"), for possession of drug paraphernalia. Derek, who was on probation, agreed to provide evidence of Jones's illegal drug activities in return for the government's promise to drop the drug paraphernalia charges. Because the terms of Derek's probation barred him from engaging in any drug activity—even if supervised by law enforcement authorities—the police recruited his wife, Geneva Jones ("Geneva"), to solicit and execute a controlled drug purchase from Jones. Claiming that Geneva had successfully executed the purchase, the government arrested and subsequently charged Jones in a two-count indictment with distributing and possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.[1]

At trial, Jones sought to demonstrate there was insufficient evidence that Geneva obtained the cocaine base from him, and the distribution charge was based, at most, on an ambiguous conversation between Geneva and some unidentified persons in a Denver building where the controlled purchase supposedly occurred. For example, while cross-examining Officer James Fuller, who was part of a team of officers stationed outside the building, the defense elicited testimony showing that no officer actually witnessed the controlled purchase and that, although Fuller monitored a wiretap that Geneva wore while she was inside the building, he only overheard a female voice "and other voices." (VII R. at 144.)

Seeking to rebut the defense argument that there was no evidence linking Jones to the cocaine base in Geneva's possession,

---

1. The government eventually dropped the reference to 18 U.S.C. § 2.

the prosecution called to the witness stand another officer, Katherine Evangelista, who testified to seeing Jones arrive at the purchase site sometime after Geneva. According to her testimony, Evangelista also monitored the wire tap. Overruling a defense hearsay objection, the court admitted Evangelista's testimony as to what she overheard, not for the truth of the matter asserted, but rather for the nature of the conversation. She testified that initially she heard female voices without any discussion of drugs but shortly after Jones arrived she heard a male voice and the conversation turned to drugs.

The possession with intent to distribute charge was based on evidence seized during the search of Jones's suspected residence at 1181 Wabash Street. During the search, officers seized incriminating evidence of drug manufacture and distribution in addition to a lease and other documents. At trial, Officer Fuller testified, without objection, that he had seen the lease in the house and that it contained the names of Jones and his alleged girlfriend Kathy Clark. When the prosecution later sought to introduce the lease itself into evidence, however, the judge excluded it because the government had failed to disclose its possession of the document. The judge also noted, in the presence of the jury, that the lease was unsigned. During his closing argument, the prosecutor made reference to the lease, to which defense counsel objected. In response, the court instructed the jury to consider only facts in evidence.

The jury found Jones guilty as charged. At sentencing, the court adopted the findings and recommendations of the presentence report, concluding that Jones actually possessed 165.5 grams of cocaine base

and should be sentenced under 21 U.S.C. § 841(b)(1)(A), which provides for a maximum penalty of life imprisonment. The court sentenced Jones to two concurrent terms of thirty years imprisonment.

On appeal, Jones challenges his conviction and sentence. He argues that the prosecution's comment about the lease agreement during closing argument and the court's admission of Officer Evangelista's testimony constitute sufficient grounds for reversal of the conviction.[2] In the alternative, he argues, we must vacate his sentence because the district court imposed a prison term that exceeded the statutory maximum specified in the indictment, violating his constitutional rights to due process and trial by jury. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## II

Where the defense objects to the challenged misconduct, as it did here, our review is de novo, determining first whether the conduct was improper and second, if it was, whether it warrants reversal. See United States v. Ivy, 83 F.3d 1266, 1288 (10th Cir.1996). A prosecutor engages in misconduct when he refers to matters outside the record. See United States v. Sullivan, 919 F.2d 1403, 1425–26 (10th Cir. 1991); United States v. Latimer, 511 F.2d 498, 503 (10th Cir.1975). On the other hand, persuasive summation of the facts admitted into evidence is the very purpose of closing argument. While the lease agreement was not admitted into evidence, Officer Fuller's testimony that he had seen the lease with the defendant's name on it while searching the home was admitted without objection.[3] Specifically, he testified as follows:

2. Jones also asks us to reverse his conviction because the government improperly induced Derek to testify at trial in exchange for a promise not to file charges against him for possession of drug paraphernalia. This argument is foreclosed by United States v. Singleton, 165 F.3d 1297 (10th Cir.1999) (en banc).

3. Appellant argues for the first time in his reply brief that had he known the lease was unsigned at the time Officer Fuller first testified, he would have objected on hearsay grounds. As a general rule we will not entertain claims of error made for the first time in a reply brief, see Headrick v. Rockwell Int'l Corp., 24 F.3d 1272, 1277–78 (10th Cir.1994),

Q. As a part of your continuing investigation, have you come up with a lease on [1181 Wabash] at this point?

A. Yes, I have.

Q. Where did you obtain that?

A. From the property and receipts we recovered from the house at 1181 Wabash.

Q. Did you bring that with you today?

A. No sir, I believe it's still in the office.

Q. Is it in my office? Okay. Did you have an opportunity to look at that lease?

A. Yes, sir, I did.

Q. Whose name was on the lease?

A. Carless Jones and Kathy Clark.

(VII R. at 139.) During closing argument, the prosecutor made three references to the lease:

> [The name on a car rental slip] [i]s the same person that Officer Fuller says, "I saw the lease in the house-I looked at the lease, and there were two names at the top of the lease."

> [Officer Fuller] told you he found the lease, and he said the names on the top of that lease were Kathy Clark and Carless Jones for the house at Wabash Street.

> I want you to remember, if you can, when Jim Fuller told you he had a lease that he left in my office and he read the names off of that lease and who was on it. I want you to remember what he told you. I want you to remember what-where that lease was for. There was no objection made to that. The evidence came in as verbal.

(IX R. at 373, 374, 411–12.) Following the prosecutor's first reference to the lease, the defense objected and the court instructed the jury to disregard any statement in the closing argument not supported by admitted evidence.

and we decline to make an exception to that rule in the present case. Therefore, we do

The prosecutor was careful to limit his comments on the lease to the statements made by Officer Fuller that were admitted without objection and are not properly challenged on appeal. Because references to admitted evidence during closing argument are clearly proper, we conclude that the prosecutor did not commit misconduct. Furthermore, any perception on the part of the jurors that the prosecutor was referring to the lease and not Officer Fuller's testimony was mitigated by the court's curative instruction. *Cf. United States v. Ramirez,* 63 F.3d 937, 944–45 (10th Cir. 1995) (holding that prosecutorial misconduct did not warrant reversal because, inter alia, the court instructed the jury to decide the case based on the evidence presented).

**III**

■ We review for abuse of discretion the court's decision to admit Officer Evangelista's testimony about the nature of the conversation she monitored during the controlled drug purchase. *See United States v. Davis,* 40 F.3d 1069, 1073 (10th Cir.1994). The erroneous admission of hearsay evidence is harmless under the circumstances of this case unless it had a "substantial influence on the jury's verdict or leaves this court in grave doubt about whether it did." *United States v. Hanzlicek,* 187 F.3d 1228, 1237 (10th Cir.1999) (citing *United States v. Cass,* 127 F.3d 1218, 1225 (10th Cir.1997)). "This court reviews the record as a whole de novo to evaluate whether the error is harmless, examining the context, timing and use of the erroneously admitted evidence at trial and how it compares to properly admitted evidence." *Id.* (citing *United States v. Glass,* 128 F.3d 1398, 1403 (10th Cir.1997)).

■ Even were we to assume that the district court erred when it permitted Officer Evangelista to testify that the monitored conversation turned to the topic of drugs after Jones arrived, such error

not decide whether Officer Fuller's testimony concerning the lease was properly admitted.

would be harmless. Before Officer Evangelista took the stand, Officer Fuller had already testified that the conversation did not turn to drugs until Jones arrived at the location, and that the content of the conversation was part of the reason he believed a drug transaction had occurred between Jones and Geneva. Appellant did not object to Officer Fuller's testimony at the time it was given, and he does not challenge its admissibility on appeal. Officer Evangelista's testimony as to the content of the monitored conversation was simply duplicative of Officer Fuller's testimony, and therefore it did not substantially affect the outcome of the trial.

## IV

The final issue raised on appeal is whether a sentencing court is bound by a reference in an indictment to a specific statutory sentencing provision of 21 U.S.C. § 841(b)(1).

A two count indictment charged Jones with distributing and possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). Section 841(a)(1) makes it unlawful for any person to knowingly or intentionally manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute, or dispense, a controlled substance. Section 841(b) establishes the penalties for violations of § 841(a). As applicable to this case, § 841(b)(1)(C) states that "[i]n the case of a controlled substance in schedule I or II, ... except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more that 20 years...." Subparagraphs (A) and (B) provide for enhanced sentences based on the quantity of cocaine base involved in the violation (a minimum of ten years and a maximum of life for fifty grams or more and a minimum of five years and a maximum of forty years for five grams or more, respectively).[4]

The Jones indictment did not specifically allege the amount of cocaine base involved with either count.

The jury convicted Jones on both counts. At sentencing, the court found that the amount of cocaine base involved in the two offenses was 165.5 grams, resulting in a base offense level of 34 under the United States Sentencing Guidelines. *See* USSG § 2D1.1. After various adjustments, the court arrived at an offense level of 38 and a criminal history category of III, resulting in a sentencing range of 292 to 365 months, and sentenced Jones to concurrent terms of 360 months imprisonment on each count.

### A

▮ Appellant now argues that "where an offense carries a range of possible maximum penalties and the government puts the defendant on notice of one of those maximums by charging it in the indictment, the maximum may not be exceeded at sentencing." We review de novo the legality of Jones's sentence. *See United ed States v. Price,* 75 F.3d 1440, 1446 (10th Cir.1996).

▮ Under our well-established precedent, this claim must fail. Section 841(b)(1), and the statutory penalty ranges it specifies, "is 'a sentencing provision independent of the substantive charges to which it applies.'" *United States v. Reyes,* 40 F.3d 1148, 1150 (10th Cir.1994) (quoting *United States v. Jenkins,* 866 F.2d 331, 334 (10th Cir.1989)). Because only elements of the substantive offense need be charged in the indictment, submitted to the jury, and proven beyond a reasonable doubt, *see Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 1219, 143 L.Ed.2d 311 (1999), a sentencing judge can consider quantities of drugs not charged in the information or indictment or proven at trial when determining the applicable man-

---

4. Subparagraph (D) by its terms does not apply to offenses involving cocaine base. *See*

21 U.S.C. § 841(b)(1)(D).

datory sentencing directives of § 841(b)(1). *See United States v. Morehead,* 959 F.2d 1489, 1511 (10th Cir.1992). Likewise, "any quantity term in an information or indictment, or a specific quantity proven at trial, does not dictate the mandatory minimum that the court is required to impose." *Reyes,* 40 F.3d at 1151; *accord United States v. Santos,* 195 F.3d 549, 552–53 (10th Cir.1999).

■ *Reyes* dictates our result in this case. While appellant argues the holding in *Reyes* is distinguishable, we conclude that the reasoning of *Reyes* and its predecessors militate against attaching legal substance to the distinctions Jones urges us to draw. Appellant frames the issue here to be whether the reference in the Jones indictment to § 841(b)(1)(C) dictates the maximum sentence the sentencing court is permitted to impose, not the mandatory minimum it is required to impose. A sentencing court's finding as to the quantity of drugs involved in a violation of § 841(a)(1), however, establishes both the mandatory minimum and the permitted maximum sentence. Thus, it follows from our holding in *Reyes* that any quantity term in an information or indictment, or a specific quantity proven at trial, does not dictate the statutory sentencing directive that applies, be it a permitted maximum, mandatory minimum, or both.

■ It is equally of no consequence that the indictment here states that the appellant distributed and possessed with the intent to distribute cocaine base "in violation of ... 841(b)(1)(C)," (I R. Doc. 3), rather than asserting a specific quantity of cocaine base as in the *Reyes* indictment. It is the duty of the sentencing judge to determine both the quantity of drugs involved in the offense of conviction and the corresponding sentencing range that applies pursuant to § 841(b)(1). *See Jenkins* 866 F.2d at 334. In making this determination a judge is not bound by statements of fact or statutory references contained in the indictment that do not relate to the substantive offense or its elements. *See United States v. Bates,* 77 F.3d 1101, 1105 (8th Cir.1996) (concluding that a reference in the indictment to a specific sentence enhancement provision was "mere surplusage" and could be disregarded by the district court in determining which enhancement provision ought to apply); *United States v. Kimmons,* 965 F.2d 1001, 1005–07 (11th Cir.1992) (holding that the district court properly disregarded indictment's reference to a particular statutory sentencing provision and applied an enhanced penalty provision), *vacated on other grounds sub nom. Small v. United States,* 508 U.S. 902, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993); *cf. United States v. Harper,* 579 F.2d 1235, 1239–40 (10th Cir.1978) ("When the language of the indictment goes beyond alleging the elements of the offense, it is mere surplusage ....") (citing *United States v. Archer,* 455 F.2d 193, 194 (10th Cir.1972)). Neither a reference in an indictment to a quantity of drugs, implying certain mandatory sentencing directives, nor a reference to a specific sentencing directive, presuming a certain quantity of drugs, binds a sentencing court.

■ Appellant argues this logic is flawed because the indictment's reference to subparagraph (C) put him on notice that the 20–year statutory maximum of that subparagraph would apply if he was convicted. The Due Process Clause requires that a defendant be given notice of and an opportunity to respond to the possible application of an enhanced sentence prior to sentencing. *See United States v. Browning,* 61 F.3d 752, 756–57 (10th Cir.1995); *see also United States v. Short,* 947 F.2d 1445, 1458 (10th Cir.1991) (holding that a defendant is " 'entitled to notice of and an opportunity to respond to information to be considered by the sentencing court' ") (quoting *United States v. Copeland,* 902 F.2d 1046, 1050 (2d Cir.1990)). Contrary to Jones's assertion, however, he was given adequate notice of and an opportunity to respond to the possible application of an enhanced sentence. He was provided with

a copy of the presentence report ("PSR") in advance of the sentencing hearing. The PSR clearly indicated the government's intent to seek enhanced penalties. Jones objected to such an enhancement in writing prior to the sentencing hearing, and he renewed and argued that objection at the sentencing hearing.

While surplusage, the indictment's reference to § 841(b)(1)(C) nonetheless further belies his notice argument. That section clearly states that the penalty range of zero to twenty years only applies if one of the other penalty ranges set out in § 841(b)(1) does not apply. Thus, by referencing § 841(b)(1)(C), the indictment put Jones on notice that any penalty mandated or permitted under § 841(b)(1) might apply. *Cf. Reyes,* 40 F.3d at 1151 (concluding that an allegation of specific quantity in the indictment "put the defendant on notice that the enhanced penalty provisions of section 841(b) may apply").

**B**

The recent Supreme Court decision in *Jones v. United States,* 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), does not alter our conclusion that a reference in an indictment to a subparagraph of § 841(b)(1) does not dictate the statutory penalty range the sentencing court must apply. We find no holding in *Jones* that mandates we upset our § 841(b)(1) sentencing jurisprudence, which interprets that section as setting forth penalty provisions, rather than separate offenses.[5]

The question presented in *Jones* was whether the facts of serious bodily injury or death resulting from carjacking constitute sentencing factors or elements of the offense pursuant to the federal carjacking statute, 18 U.S.C. § 2119. *See id.* 119 S.Ct. at 1219. The Court held that these facts are properly elements of the offense, and thus the statute creates three separate

offenses rather than a single offense with three sentencing ranges. *See id.* at 1228.

In reaching that conclusion, the Court first examined the wording of the statute, comparable federal and state statutes, and the statute's legislative history. *See id.* at 1219–22. Based on these three factors, the Court concluded that the best, although not the exclusive, reading of the statute treated serious bodily injury and death as elements of the offense and not sentencing factors. *See id.* at 1222.

To resolve any doubt, the Court next applied the maxim that "where a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and by the other of which such questions are avoided, [the Court's] duty is to adopt the latter." *Id.* at 1222 (quotation and citation omitted). After reviewing its jurisprudence, the Court concluded that "our prior cases suggest rather than establish" the following principle:

> [U]nder the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.

*Id.* at 1224 n. 6. Contrary to Jones's characterization of this statement, the *Jones* Court made abundantly clear that its decision does not "announce any new principle of constitutional law, but merely interprets a particular federal statute in light of a set of constitutional concerns that have emerged through a series of our decisions over the past quarter century." *Id.* at 1228 n. 11.

Unlike the statute at issue in *Jones,* 21 U.S.C. § 841 unambiguously sets out distinct provisions defining unlawful acts and penalties for such acts, and the quantity of drugs involved in the offense is clearly relevant only to the penalty provisions. *See Jenkins,* 866 F.2d at 334. Because Congressional intent is evident from the

---

5. Because the decision in *Jones* came down after both parties had filed briefs in this case,

we requested supplemental briefs regarding the case's impact on Jones's sentencing claim.

plain language of the statute, the doctrine of constitutional doubt, and in particular the constitutional doubt articulated in *Jones,* does not apply. *See Almendarez–Torres v. United States,* 523 U.S. 224, 238, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (holding that the doctrine of constitutional doubt should only be applied if the statute in question is "genuinely susceptible to two constructions").

*Jones,* however, opens the door to the question of whether § 841's unambiguous classification of quantity as a sentencing factor violates the Fifth and Sixth Amendments. This circuit has rejected similar constitutional challenges to § 841 in the past. *See United States v. Underwood,* 982 F.2d 426, 429 (10th Cir.1992) (rejecting defendant's argument that determination of quantity by the sentencing judge violated the defendant's Fifth and Sixth Amendment rights to due process and trial by jury); *United States v. Short,* 947 F.2d 1445, 1458 (10th Cir.1991) (trial by jury); *Jenkins,* 866 F.2d at 334 (trial by jury and due process). "We are bound by the precedents of prior panels [of this court] absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith,* 10 F.3d 723, 724 (10th Cir.1993) (per curiam). Because *Jones* "suggests" rather than establishes a new principle of constitutional law, 119 S.Ct. at 1224 n. 6, we adhere to the doctrine of stare decisis and decline to reexamine whether the penalty provisions of § 841(b)(1) violate the Fifth and Sixth Amendments.

Thus, the reference in the indictment to § 841(b)(1)(C) was not binding on the sentencing court, and it did not err in imposing two concurrent terms of thirty years imprisonment in accordance with appropriate statutory and Sentencing Guidelines penalty ranges as dictated by the facts found at the sentencing hearing.

AFFIRMED.